# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM ANDERSON,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>UNITED STATES,  )<br>)<br>)<br>Respondent.  ) | No. 4:20-cv-00071-RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner William Anderson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the petition will be dismissed without prejudice due to petitioner's failure to exhaust available remedies.

### Background

On April 18, 2018, petitioner was charged by criminal complaint with two counts of knowingly and intentionally distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1). *United States v. Anderson*, No. 4:18-cr-332-RLW-1 (E.D. Mo.). Petitioner made his initial appearance and was appointed an attorney from the Office of the Federal Public Defender. An assistant federal public defender entered her appearance on petitioner's behalf, and has represented petitioner continuously throughout his criminal case.

On April 25, 2018, a grand jury returned an indictment against petitioner containing the same charges as set forth in the criminal complaint. Petitioner was arraigned on May 2, 2018, and entered a plea of not guilty. The grand jury subsequently returned a superseding indictment on September 6, 2018. The superseding indictment contained the two counts from the initial indictment, and added one count of distribution of a controlled substance resulting in death.

Petitioner was arraigned on September 11, 2018, and entered a plea of not guilty. The Court ordered that criminal pretrial motions were due by October 29, 2019.

Petitioner submitted motions for extension of time to file pretrial motions on October 31, 2018, November 30, 2018, January 7, 2019, February 11, 2019, March 20, 2019, April 23, 2019, and June 19, 2019. On July 31, 2019, petitioner waived his right to file pretrial motions.

The grand jury returned a second superseding indictment on August 22, 2019. The second superseding indictment charged petitioner with two counts of distributing a controlled substance, one count of distributing a controlled substance resulting in death, and one count of conspiracy to distribute a controlled substance. He was arraigned on September 4, 2019, and entered a plea of not guilty. On September 11, 2019, petitioner again waived his right to file pretrial motions.

On November 25, 2019, petitioner filed a pro se motion for a bill of particulars. In the motion, plaintiff requested documentation from the government regarding the territorial jurisdiction of the United States over his alleged criminal activity. On January 2, 2020, the Court received a letter that it construed as a motion for substitution of counsel. The motion was denied on January 6, 2020. Petitioner's case was set for a *Frye* hearing on January 17, 2020, a final pretrial conference on January 23, 2020, and trial on January 27, 2020. However, on January 8, 2020, petitioner's counsel filed a motion to continue. The motion was granted, and the trial was rescheduled for April 6, 2020.

### The Petition

On January 13, 2020, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1). The petition contains seven separate grounds: (1) that the "information and indictment fails to charge an offense against the laws of the United States," and that the government has no jurisdiction over the place where the alleged criminal activity occurred;

(2) that the Court lacks subject matter jurisdiction pursuant to 18 U.S.C. § 3231; (3) that the criminal statute under which petitioner is being charged "exceeds the power of Congress," violates his due process rights, and encroaches on the "sovereignty and jurisdiction" of the State of Missouri; (4) that there is no valid cause of action, no real party in interest, and no malicious intent; (5) that the "delegated power to punish is not vested in the United States," but rather is reserved to the states and the people; (6) that Congress does not have the power to "punish commerce," but only "regulate" it; and (7) that petitioner's charges are the result of a "sham prosecution" and "selective enforcement." (Docket No. 1 at 6-8). Petitioner seeks the dismissal of his charges with prejudice. (Docket No. 1 at 7).

### Government's Response

The government filed a response to petitioner's § 2241 petition on February 22, 2020. (Docket No. 2). The government asserts that this Court should not entertain the petition because he has not exhausted all available remedies. (Docket No. 2 at 3). Specifically, the government observes that petitioner's criminal case is still pending, with trial scheduled in April. As such, petitioner must present his claims in the criminal case and – if necessary – on direct appeal, before he is eligible for habeas relief. (Docket No. 2 at 4-5).

The government's response also notes that petitioner has twice waived his right to file pretrial motions in his criminal case. Nonetheless, the government states that petitioner should be permitted to pursue his § 2241 claims in his criminal case. (Docket No. 2 at 5). Therefore, the government requests that the Court deny the § 2241 petition, vacate the April 6, 2020 trial date, and remand the case to the magistrate judge to allow petitioner to file pretrial motions. (Docket No. 2 at 6). The government further asks the Court to set the pending criminal case for status conference.

## Discussion

Petitioner has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, he seeks dismissal with prejudice of his pending criminal charges. For the reasons discussed below, the petition must be dismissed.

### A. Failure to Exhaust Remedies

Generally, a litigant attempting a collateral attack on his federal case must file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). By its terms, however, § 2255 applies to "[a] prisoner in custody *under sentence* of a court established by Act of Congress." 28 U.S.C. § 2255(a) (emphasis added). For pretrial detainees, on the other hand, 28 U.S.C. § 2241 has been recognized as a potential source of habeas review before conviction. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

In order to obtain habeas review of pretrial decisions, a pretrial detainee must exhaust all other remedies. *Kisling v. Anderson*, 2003 WL 21639148, at *1 (D. Minn. 2003). Exhaustion is required for reasons of judicial efficiency, and because of the risk of potentially conflicting decisions. *Bakke v. United States*, 2019 WL 5579599, at *1 (D. Minn. 2019). If a habeas claim raised by a pretrial detainee would be dispositive of the pending federal criminal charges, "the petitioner must raise those claims by presenting them at trial and then on direct appeal." *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994).

In this case, petitioner seeks the dismissal of his indictment with prejudice. Such a claim, if successful, would obviously be dispositive of his pending criminal charges. Therefore, as

explained above, he may exhaust these claims only by raising them in his criminal case and then on direct appeal. The Court notes that petitioner is currently represented by an attorney in his criminal case, and that the case is ongoing. Reviewing his claims at this time in a separate proceeding would be duplicitous and frustrate judicial efficiency. As such, relief under 28 U.S.C. § 2241 is not available to petitioner at this time, and his petition must be dismissed.[1]

B. **Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1) is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 27 day of February, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Along with seeking the denial of the petition, the government requests that the April 6, 2020 trial date in *United States v. Anderson*, 4:18-cr-332-RLW-1 be vacated, that the criminal case be remanded to the magistrate judge for the filing of pretrial motions, and that the criminal case be set for status conference. The government's requests for actions to be taken in the criminal case are not properly before the Court on this petition, and will not be ruled upon.